A. Cristina Weidner Tafs
SUSITNA LAW, LLC
911 W. 8th Avenue, Suite 205
Anchorage, Alaska 99501
Phone: (907) 947-8888
Email: 49thstatelaw@gmail.com

Phillip Paul Weidner
Michael Cohn
WEIDNER & ASSOCIATES, APC
943 W 6th Ave., Ste 300
Anchorage, AK 99501
(907) 276-1200 (telephone)
(907) 278-6571 (fax)
PhillipPaulWeidner2@weidnerjustice.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| CHANTEL SHARAE LOUISE BEETUS, | ) Case No. _____ |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW the Plaintiff by and through counsel, Phillip Paul Weidner and Associates, and Susitna Law, LLC, and hereby states, claims, pleads and alleges as follows:

## PARTIES AND RELEVANT ENTITIES

1. Plaintiff CHANTEL SHARAE LOUISE BEETUS ("Chantel Beetus") is a resident of Fairbanks, Alaska.

2. The UNITED STATES OF AMERICA is a party defendant under the Federal Tort Claims Act.

3. DENA' NENA' HENASH is a non-profit corporation organized and in good standing under the laws of the State of Alaska with its principal place of business in Fairbanks. The English language name for Dena' Nena' Henash is TANANA CHIEFS CONFERENCE ("TCC") as set out in its articles of incorporation. The entity will be referred to herein by its English language name. To the extent that any claims relating to the conduct of TCC is a claim against the United States of America, this suit is brought against the United States of America.

4. On information and belief, the Tanana Chiefs Conference (TCC) contracts with Indian Health Services (IHS) and/or the Bureau of Indian Affairs to provide federal services to the Tanana Chiefs Conference such that Tanana Chiefs Conference and its employees/agents are deemed to be part of the United States Public Health Service, such that any claim as to the conduct of the Tanana Chiefs Conference is a claim against the United States of America. *See* 28 U.S.C. § 1346(b)(1).

5. Upon information and belief, Tanana Chiefs Conference (legal name Dena' Nena' Henash) is a signatory to the Alaska Tribal Health Compact with the U.S. Secretary of Health and Human Services and carries out federal programs for Alaska Natives, American Indians and other eligible individuals, through Funding Agreements with the Indian Health Service and the Bureau of Indian Affairs as authorized by, *inter alia*, the Indian Health Care Improvement Act, 25 U.S.C. § 1601, *et seq.*, P.L. 94-437, as amended, and Titles V and IV of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5301 *et seq*, P.L. 93-638, as amended, and is an Indian tribe under federal law. 25 U.S.C. § 5381(b). An Indian tribe, tribal organization or Indian contractor is deemed to be part of the Bureau of Indian Affairs in the Department of Interior or the Indian Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees are deemed employees of the Bureau or Service while acting within the scope of their employment in carrying out the contract or agreement, such that any claim as to the conduct of the Tanana Chiefs Conference is a claim against the United States of America. *See* Department of the Interior and Related Agencies Appropriations Act of 1991, Pub. L. No. 101-512, Title III, § 314, 104 Stat. 1915, 1959 (Nov. 5 1990); Department of Interior and Related Agencies Appropriations Act of 1989, Pub. L. No. 101-121, Title III, § 315, 103 Stat. 701 (Oct. 23, 1989). *See also* 28 U.S.C. § 1346(b)(1).

6. TANANA TRIBAL COUNCIL ("TTC") is a governing body made up of and providing governance to the Native Alaskans in the area of Tanana Village, Alaska.

7. To the extent the entities referred to in Paragraphs 3-6 set forth above establish liability under the Federal Tort Claims Act, the United States Government is sued.

8. It is contemplated that appropriate suits will be brought against those entities in state court if necessary and appropriate to preserve and protect Plaintiff's claims as to non-governmental entities.

## JURISDICTION AND VENUE

9. Jurisdiction in this court is proper under 28 U.S.C. § 1346(b). Venue is proper under 28 U.S.C. § 1402(b).

## FACTS RELEVANT TO ALL CLAIMS

10. Chantel Beetus was born August 4, 2000. Chantel Beetus attended the Denaa Kkoykaa Hodok Deleehdenh Culture Camp on an island in the Yukon River about 16 miles above Tanana Village, Alaska, in June 2017. The Camp was one of the Tanana Chiefs Conference's Cultural & Wellness Camps, hosted by the Tanana Tribal Council between June 26-July 2, 2017. A flyer advertising the Camp is attached as Exhibit A.

11. The Cultural & Wellness Camps Program, upon information and belief, was a program involving numerous camps conducted by the Tanana Chiefs

COMPLAINT
*Chantel Beetus v. United State of America* Page 4 of 14

Conference, and the Denaa Kkoykaa Hodok Deleehdenh Culture Camp was a part of that program and was hosted by the Tanana Tribal Council, pursuant to moneys obtained by the Tanana Chiefs Conference from the United States Government, such that Eric Adams should be deemed an agent of all three during the events set out herein.

12. On or about June 29, 2017 when she was 16 years old, Chantel Beetus was sexually assaulted by Eric Adams. Chantel Beetus was subjected to non-consensual digital, oral and penile penetration of her vagina by Eric Adams. At that time Chantel Beetus was attending the Denaa Kkoykaa Hodok Deleehdenh Culture Camp promoted by the Tanana Chiefs Conference and the Tanana Tribal Council.

13. As a minor attending a Tanana Chiefs Conference and/or /Tanana Tribal Council camp, she was owed all duties as provided by law, including but not limited to the doctrine of *in loco parentis*. That is, Chantel Beetus, while she was a Culture & Wellness Camp camper, and at the time of said sexual assaults, was within Tanana Chiefs Conference and/or Tanana Tribal Council's temporary custody, and they were functioning in place of her parents.

14. Tanana Chiefs Conference and/or Tanana Tribal Council jointly promoted and held the Culture & Wellness Camp. Tanana Chiefs Conference's and/or Tanana Tribal Council's failures, include, among other things, the lack of adequate and proper guidelines and planning for the Culture & Wellness Camp, the lack of adequate and proper hiring and supervision of the Culture & Wellness Camp

COMPLAINT
*Chantel Beetus v. United State of America*

boat driver Eric Adams and other employees with supervisory powers over Chantel Beetus, the lack of proper safeguards for the protection of the campers, and the ignoring of warning signs of inappropriate conduct and behavior by Culture & Wellness Camp employees and/or agents and/or apparent agents. These failures allowed Eric Adams to sexually assault Chantel Beetus.

15. Eric Adams transported campers such as Chantel Beetus to and from the Camp and the island from Tanana Village, in the Tanana Tribal Council's boat. Leading up to, during, and after the assault, Eric Adams was acting in the course and scope of his employment as an employee and/or agent and/or apparent agent of Tanana Chiefs Conference and/or Tanana Tribal Council.

16. During one or more of those excursions, the sexual assault of Chantel Beetus occurred. Eric Adams abused his position as boat driver for the Camp to isolate and sexually assault Chantel Beetus

17. Eric Adams' duties involved transporting the minor Chantel Beetus in connection with participation in the Culture & Wellness Camp. Abusing his control over the minor Chantel Beetus for such transport, he sexually assaulted her. The organizations and/or government defendants are liable either under the doctrine of respondeat superior and/or under the doctrines of inadequate security, screening, training, supervision of employees and/or agents. Said entities or individuals also inadequately supervised campers, inadequately provided orientation including failure to provide proper warnings to campers, and inadequately identified dangers

COMPLAINT
*Chantel Beetus v. United State of America*

including known or suspected sexual predators in the community such as Eric Adams.

18. Tanana Chiefs Conference and/or Tanana Tribal Council's failures included the lack of adequate proper guidelines and planning for the Culture & Wellness Camp, the lack of adequate proper hiring and supervision of the culture and wellness camp boat driver, the lack of proper safeguards for the protection of the campers, and ignoring the warning signs of inappropriate conduct and behavior of Eric Adams towards the campers and towards Plaintiff . This allowed Eric Adams to sexually assault Chantel Beetus. At the Culture & Wellness Camp, Eric Adams was observed to be focusing on Chantel Beetus. If one person saw Eric Adams, "checking out" Chantel Beetus as his next potential victim, others, including those with the duty to provide the minor campers a safe camp and those who owed a duty to supervise not only the campers, but also camp employees and any and all other people in the camp or to guard against any potential sexual predator in the vicinity of the camp, should have taken action to protect the then minor Chantel Beetus from a sexual predator.

19. It was part of the duty and obligation of the Culture & Wellness Camp and its sponsors to exercise care for the safety of their minor campers. The duty to exercise care for the safety and well-being of cultural wellness camp attendees can only be accomplished if what is there to be seen is seen, and once seen acted upon, and if there are appropriate policies and procedures in place to protect campers, to

provide for safe and adequate egress and ingress to and from the campgrounds and to provide that any and all individuals that will be providing transportation to and from the campgrounds have been properly vetted and/or campers provided with chaperones to provide for their safety at all times. There was a failure to exercise care for the safety of Chantel Beetus by Tanana Chiefs Conference and/or Tanana Tribal Council.

20. The minors that were solicited to attend a Culture & Wellness Camp deserve reasonable guidelines and planning for their protection and safety to be implemented and enforced. It was Tanana Chiefs Conference and/or Tanana Tribal Council's legal obligation and responsibility to provide it, which was not done. This responsibility included their duties as acting *in loco parentis* to all minors attending the camp.

21. Implicit in the name Culture & Wellness Camp is the understanding that the camp promotes the cultural values of the Tanana Chiefs Conference and the Tanana Tribal Council and this is incongruous with an environment that allowed the opportunity for a 29-year-old adult male under the guise of providing transportation with a Tanana Tribal Council boat, which bore the markings of "Tanana Tribal Council" or "Tanana Village" to sexually assault an unsuspecting minor attending the camp who was seeking transportation back to the camp by someone with the authority or apparent authority to provide such transportation for the minor camper Chantel Beetus.

22. Eric Adams had possession of the Tanana Tribal Council boat and control of the means of ingress and egress to the camp.

23. Chantel Beetus had expected that Eric Adams would provide her transportation back to the camp in the Tanana Tribal Council boat. He took that opportunity to sexually assault Chantel Beetus. He had authority and/or apparent authority to represent Tanana Chiefs Conference and/or Tanana Tribal Council. Furthermore, on information and belief, there were individuals that knew or suspected that Eric Adams was a sexual predator and steps should have been taken by Tanana Chiefs Conference and/or Tanana Tribal Council to prevent a sexual predator access to minor campers, such as Chantel Beetus.

24. Given the location of the camp on an island in the Yukon River, the influx of minors away from home, and the *in loco parentis* responsibility of Tanana Chiefs Conference and/or Tanana Tribal Council, the Tanana Chiefs Conference and/or Tanana Tribal Council had responsibility to guard against known or suspected sexual predators in the vicinity of the camp for the protection of the minors, including Chantel Beetus.

25. Sexual assault is dehumanizing, and its long-term effects include, among other things, loss of self–esteem, depression, withdrawal/isolation, disassociation, anxiety and a sense of helplessness. Chantel Beetus is a minor and has incurred a psychological trauma that will be with her for the rest of her life. Tanana Chiefs Conference and/or Tanana Tribal Council's failure to provide for the

safety of its campers, such as Chantel Beetus, could reasonably foresee that she will have psychological trauma for the rest of her life, including lower self-esteem, depression, withdrawal/isolation, dissociation, anxiety and a sense of helplessness, as well as the associated medical expenses and lost earnings. Upon information and belief, she will need psychological counseling for the foreseeable future.

26. The United States may be responsible for Tanana Chiefs Conference under the Federal Torts Claim Act.

27. The United States may be responsible for Tanana Tribal Council under the Federal Torts Claim Act.

28. A Federal Tort Claim was timely submitted. Approximately six months has elapsed since that time, such that Plaintiff can now pursue her claims in United States District Court for the District of Alaska. *See* 28 U.S.C. § 2401.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION-NEGLIGENCE

29. Plaintiff hereby realleges, repleads, recomplains, and restates as her causes of action herein paragraphs 1 through 28 above as though fully set forth herein.

30. The Defendant's conduct was culpable, was negligent, and a substantial factor in causing Plaintiff's injuries.

## SECOND CAUSE OF ACTION – RESPONDENT SUPERIOR

31. Plaintiff hereby realleges, repleads, recomplains, and restates as her causes of action herein paragraphs 1 through 30 above as though fully set forth herein.

32. As to the entities or persons herein who are employees and/or agents and/or partners and/or associates of the United States of America at the time of the culpable conduct, the United States of America who were employers and/or principals and/or partners and/or associates and/or parent corporations or entities with control over its subsidiary or affiliated entity that directly was engaged in the culpable conduct, i.e. culpable acts and/or failure to act, are liable due to respondent superior and/or failure to supervise and/or train and/or negligent hire.

33. The United States of America, through Tanana Chiefs Conference and/or Tanana Tribal Council, are responsible and liable for the actions of Tanana Chiefs Conference's and/or Tanana Tribal Council's directors, officers, employees, agents, and/or those acting with the apparent authority of Tanana Chiefs Conference and/or Tanana Tribal Council. In addition, the United States of America is liable for other entities controlled by Tanana Chiefs Conference and/or Tanana Tribal Council that were engaged in the culpable conduct, i.e. culpable acts and/or failure to act, and/or failure to supervise and/or failure to protect and/or negligent hiring, due to respondeat superior.

## THIRD CAUSE OF ACTION –
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff hereby realleges, repleads, recomplains, and restates as her causes of action herein paragraphs 1 through 33 above as though fully set forth herein.

35. The negligent and/or reckless actions of the Defendant caused foreseeable physical injury and severe emotional distress of the Plaintiff and she continues to suffer from same. Furthermore, the actions of the Defendant caused and are still causing emotional distress to Plaintiff.

**FIFTH CAUSES OF ACTION – NEGLIGENT ENTRUSTMENT/NELIGENT HIRE/NEGLIGENT SUPERVISION/NEGLIGENT TRAINING**

36. Plaintiff hereby realleges, repleads, recomplains, and restates as her causes of action herein paragraphs 1 through 35 above as though fully set forth herein.

37. The actions of the Defendant in hiring Eric Adams and allowing him access to Chantel Beetus and similar minors, on information and belief, without reviewing, discovering and/or addressing his criminal history or evaluating and/or discovering and/or addressing his pedophilia or propensities, and placing him in a position with unsupervised access to and control over minors and their means of ingress and egress to the Culture & Wellness Camp, failing to adequately train their employees and/or agents regarding, among other things, the recognition, discovery, and prevention of sexual abuse of children at the Culture & Wellness Camps, and

COMPLAINT
*Chantel Beetus v. United State of America* <span>Page 12 of 14</span>

other matters as alleged herein, failing to supervise its employees and/or agents and/or volunteers, and permitting Eric Adams to be left alone with Chantel Beetus and the failure to take remedial and/or protective acts, after actual and/or constructive notice of Eric Adams propensity to sexually assault others, are culpable. Tanana Chiefs Conference and/or Tanana Tribal Council was negligent and conducted numerous torts and the United States Government is liable for their actions pursuant to the Federal Torts Claim Act.

## SIXTH CAUSE OF ACTION – UNRESTRICTED DAMAGES

38. Plaintiff hereby realleges, repleads, recomplains, and restates as her causes of action herein paragraphs 1 through 37 above as though fully set forth herein.

39. Due to the nature of the culpable conduct of the Defendant and the degree of culpability, any Alaska statutory CAP(s) on compensatory damages are inapplicable to limit any jury verdict or judgment. In any event, any such CAP(s) are unconstitutional.

## SEVENTH CAUSE OF ACTION

40. Plaintiff hereby realleges, repleads, recomplains, and restates as her causes of action herein paragraphs 1 through 39 above as though fully set forth herein.

41. The conduct of Eric Adams constituted numerous acts of sexual assault resulting from numerous torts by the Defendant with no caps on damages (or at a

COMPLAINT
*Chantel Beetus v. United State of America*　　　　　　　　　　　　　Page 13 of 14

minimum separate caps for each assault/digital/penile/oral penetration of Plaintiff's vagina), and with separate and cumulative damages due for each culpable act, including separate and cumulative compensatory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief:

A.  Compensatory damages up to $1,800,000 (one million eight hundred thousand dollars), the exact amount to be proven at trial.

B.  For appropriate prejudgment and post judgment interest in the maximum amount allowed by law.

C.  An award of costs, interest, and attorney fees, as the court may deem just and equitable.

RESPECTFULLY SUBMITTED this 18th day of December, 2019.

/s/ Phillip Paul Weidner
WEIDNER & ASSOCIATES, APC
943 W. 6th Avenue, Suite 300
Anchorage, Alaska 99501
Phone: (907) 276-1200
E-mail: mcohn@weidnerjustice.com
ABA No. 7305032

RESPECTFULLY SUBMITTED this 18th day of December, 2019.

/s/ A. Cristina Weidner Tafs
SUSITNA LAW, LLC
911 W. 8th Avenue, Suite 205
Anchorage, Alaska 99501
Phone: (907) 947-8888
E-mail: 49thstatelaw@gmail.com
ABA No. 0011089

COMPLAINT
*Chantel Beetus v. United State of America*